UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS E. ROBINSON,<br><br>  Plaintiff,<br><br>  v.<br><br>KIRAN AHUJA,<br><br>  Defendant. | Case No. 20-cv-07907-JSC<br><br>**ORDER RE: MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 23 |

Plaintiff initiated this federal employment discrimination lawsuit in November 2020, and Defendant moved to dismiss the complaint.[1] (Dkt. Nos. 1, 13.)[2] The Court denied the motion as to Plaintiff's claim for disparate treatment race discrimination regarding the failure to promote in FY 2014. The Court dismissed with leave to amend Plaintiff's claims for hostile work environment, retaliation, and age discrimination, and dismissed with prejudice Plaintiff's request for punitive damages. (Dkt. No. 18 at 14–15.) In granting leave to amend, the Court noted that Plaintiff could not add any new claims (as opposed to amended claims) without first seeking the Court's permission. (*Id.* at 15.)

Thereafter, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. No. 20.) Now before the Court is Defendant's motion to dismiss. (Dkt. No. 23.) Plaintiff filed an opposition 16 days after the deadline.[3] (Dkt. No. 27.) After carefully considering the parties' briefing, and

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 5, 7.)

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[3] Although Plaintiff is proceeding without representation by a lawyer, he remains bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a). In light of Plaintiff's *pro se* status and the Court's preference to resolve matters on the merits, the Court will

having had the benefit of oral argument on November 18, 2021, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss.

## DISCUSSION

The Court incorporates by reference its summary of the allegations in Plaintiff's original complaint.  (*See* Dkt. No. 18 at 1–4.)  The FAC includes additional factual allegations in support of Plaintiff's claims for hostile work environment, retaliation, and age discrimination.  (*See* Dkt. No. 20.)

### I.   Hostile Work Environment

Hostile work environment is a theory of race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII").  *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 797 (9th Cir. 2003).  To state a claim for hostile work environment, a plaintiff must allege that: "(1) he was subjected to verbal or physical conduct because of his race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment.  In considering whether the discriminatory conduct was severe or pervasive, we look to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 & n.3 (9th Cir. 2008).  Plaintiff alleges that he suffered "discriminatory statements, threats, and conduct," was forced to "participate in . . . their policy of refusing promotions based on race," and endured "toxicity" from a white manager who "openly proclaimed that he was recruiting people that are like him."  (Dkt. No. 20 ¶¶ 73, 77, 82.)

#### A.   Administrative Exhaustion

To bring a claim of discrimination under Title VII, including a hostile work environment claim, a federal employee must timely exhaust his administrative remedies.  *Leong v. Potter*, 347 F.3d 1117, 1121–22 (9th Cir. 2003).  In particular, the specific claims made in the district court

---

consider Plaintiff's late-filed opposition.  However, Plaintiff is warned that late filings may be disregarded in the future.

action must have been presented in the Equal Employment Opportunity ("EEO") administrative process. *Id.* at 1122. Plaintiff's administrative complaint stated,

> My complaint is that from October 1, 2011 thru the current date, I have not been promoted to GS-201-13 [sic], full performance level because of a continuous systematic pattern of employment discrimination. I am over the age of 50, and an African American male. This employment discrimination includes pay, assignments and denial of promotional opportunities for other vacancies at OPM and other federal agencies. There is a concentration of employees who are over the age of 40, African American, male and female and not being promoted. The remedy I seek is immediate promotion to the GS-13 level with all back pay from October 1, 2011 to the present with interest and all entitled benefits, and end the employment discrimination and favoritism in HR Strategies.

(Dkt. No. 23-1 at 3.)[4] This complaint does not allege a claim for a racially hostile work environment; instead, it alleges a claim for racial disparate treatment in promotions.

Nonetheless, courts in the Ninth Circuit construe the language of EEO complaints "with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002). Thus, the hostile work environment claim may nonetheless be deemed exhausted if it falls "within the scope of the [EEO]'s actual investigation or an [EEO] investigation that could reasonably be expected to grow out of the charge." *Vasquez v. City of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003). Allegations of discrimination not included in the plaintiff's administrative charge may still be considered by a federal court if "the new claims are like or reasonably related to the allegations contained in the [EEO] charge." *B.K.B.*, 276 F.3d at 1100 (cleaned up). "In determining whether a plaintiff has exhausted allegations that []he did not specify in [his] administrative charge, it is

---

[4] The Court takes judicial notice of Plaintiff's administrative complaint, attached to Defendant's motion to dismiss. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). "Although mere mention of the existence of a document is insufficient to incorporate the contents of a document, the document is incorporated when its contents are described and the document is integral to the complaint." *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir. 2018) (cleaned up). The FAC uses the EEO complaint as a basis to allege administrative exhaustion. (Dkt. No. 20 ¶¶ 5–7.)

3

appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Id.* "In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *Id.*

None of these factors plausibly support an inference that Plaintiff exhausted a claim for a racially hostile work environment. Plaintiff's administrative complaint did allege race as the basis of discrimination, which could apply equally to a hostile work environment claim and a disparate treatment failure to promote claim. But the complaint identified as "date(s) of alleged discriminatory event" September 30, 2011, September 30, 2012, September 30, 2013, and September 30, 2014, which are discrete dates on which he was not promoted. (Dkt. No. 23-1 at 1.) Plaintiff identified "the resolution(s) you are seeking" as "[p]romotion to GS 13, with back pay, interest, retirement and TSP contributions. Forward pay for missed or lost opportunity promotional cost to the GS 14 both internal and external[.]" (*Id.* at 2.) The complaint's reference to "a continuous systematic pattern of employment discrimination" comes the closest to claiming a hostile work environment, but falls short. (*Id.* at 3.) Thus, the administrative complaint focuses squarely on failure to promote. A hostile work environment claim is not "consistent" with that "original theory of the case" and has not been administratively exhausted as a matter of law. *B.K.B.*, 276 F.3d at 1100.

Accordingly, the motion to dismiss Plaintiff's hostile work environment claim for failure to exhaust administrative remedies is GRANTED.

## II.     Retaliation

To state a claim for retaliation under Title VII or the Age Discrimination in Employment Act ("ADEA"), a plaintiff must allege that: (1) "[]he engaged in a protected activity"; (2) his employer "subjected [him] to an adverse employment action"; and (3) there is a causal link "between the protected activity and the adverse action." *Poland v. Chertoff*, 494 F.3d 1174, 1179–80, 1180 n.1 (9th Cir. 2007). Plaintiff alleges that he engaged in protected activity between May

4

and September 2014 by "informally questioning the propriety of the promotions of similarly situated Caucasian employees." (Dkt. No. 20 ¶ 61.)  He alleges that, as a result, he suffered adverse employment actions including a poor performance evaluation and denial of promotion on September 30, 2014.  (*Id.* ¶¶ 62–63, 67.)

### A. Administrative Exhaustion

As with the hostile work environment claim, Plaintiff's retaliation claim must have been timely exhausted and be reasonably related to claims brought in his administrative complaint. *Leong v. Potter*, 347 F.3d 1117, 1121–22 (9th Cir. 2003); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002).  Plaintiff's administrative complaint set out a theory of discriminatory failure to promote.  (*See* Dkt. No. 23-1 at 3.)  Plaintiff complained that he was denied a promotion because of his race and age, not as retaliation for any action he had taken.  Thus, Plaintiff's current claim of retaliation is not "consistent" with his original theory of the case in his administrative complaint, and has not been administratively exhausted.  *B.K.B.*, 276 F.3d at 1100.

Accordingly, the motion to dismiss Plaintiff's retaliation claim for failure to exhaust administrative remedies is GRANTED.

\* \* \*

Because Plaintiff's claims for hostile work environment and retaliation must be dismissed on grounds of exhaustion, the Court need not reach Defendant's alternative argument that the FAC fails to state a claim for each.

### III. Age Discrimination

To state a claim for age discrimination under the ADEA, a plaintiff must allege that he was: "(1) at least forty years old, (2) qualified for the position for which an application was submitted, (3) denied the position, and (4) the promotion was given to a substantially younger person" or the "circumstances otherwise giv[e] rise to an inference of age discrimination." *Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012); *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (cleaned up).  In dismissing this claim from Plaintiff's original complaint, the Court determined that Plaintiff had adequately alleged elements (1), (2), and (3). (Dkt. No. 18 at 13.)  However, the original complaint did not identify other, substantially younger employees who

5

were promoted in FY 2014. The other relevant circumstances—that only one employee in the department other than Plaintiff was over 60—did not plausibly give rise to an inference of discrimination.

The FAC identifies Laura Knowles as a 30-year-old white woman who was hired in 2009 as a "GS 9/11/12/13" HR Specialist. (Dkt. No. 20 ¶ 92, 49.) In FY 2014, Ms. Knowles received a 120-day temporary promotion to Plaintiff's acting manager, which appears to be a Grade 14 position; thereafter, the promotion became permanent. (*Id.* ¶¶ 50–51, 29.) Defendant argues that Ms. Knowles is not a proper comparator because she was not similarly situated to Plaintiff. Plaintiff did not seek the temporary or permanent promotion that went to Ms. Knowles. Instead, Plaintiff sought a promotion to Grade 13, which went to Yvonne Ryan and Jason Hohman (although not necessarily in FY 2014)—two white employees whose ages are not identified. (*Id.* ¶ 59.) While the allegation about Ms. Knowles does not indicate that the promotion Plaintiff sought "was given to a substantially younger person," it is relevant to "circumstances otherwise giving rise to an inference of age discrimination." *Shelley*, 666 F.3d at 608; *Diaz*, 521 F.3d at 1207 (cleaned up). "An inference of discrimination can be established by . . . showing that others not in their protected class were treated more favorably." *Diaz*, 521 F.3d at 1207–08; *see Shelley*, 666 F.3d at 615 (Bybee, J., concurring in part) ("It is true that the fourth traditional element for establishing a prima facie case in failure to promote cases . . . —that the employee be replaced by someone substantially younger—is not a strict requirement. A plaintiff can produce more probative evidence of discrimination . . . ."). The allegations that only one employee in the department other than Plaintiff was over 60, and that a substantially younger white person was promoted to a higher grade than Plaintiff "without having any previous supervisory or technical experience in organizational design or position classification," (Dkt. No. 20 ¶¶ 25, 51), "nudge" an inference of discrimination "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Accordingly, the FAC adequately alleges element (4) of a claim for age discrimination. "While a plaintiff need not plead facts constituting all elements of a prima facie employment discrimination case in order to survive a Rule 12(b)(6) motion to dismiss, courts nevertheless look

1 to those elements to analyze a motion to dismiss, so as to decide, in light of judicial experience
2 and common sense, whether the challenged complaint contains sufficient factual matter, accepted
3 as true, to state a claim for relief that is plausible on its face." *Achal v. Gate Gourmet, Inc.*, 114 F.
4 Supp. 3d 781, 796–97 (N.D. Cal. 2015). The motion to dismiss for failure to state a claim for age
5 discrimination is DENIED.

### IV. Additional Claims for Disparate Treatment Race Discrimination

In its previous order, the Court determined, "To the extent that unequal terms and conditions of employment and the failure to provide career development assignments occurred before September 23, 2014, disparate treatment claims regarding that conduct are time-barred." (Dkt. No. 18 at 10.) According to Defendant, the FAC "continues to allege that Plaintiff was subject to disparate treatment for failure to provide career development assignments." (Dkt. No. 23 at 21.) Defendant moves to dismiss any claims for disparate treatment race discrimination other than the failure to promote in FY 2014.

To the extent Plaintiff brings disparate treatment claims for conduct other than the failure to promote in FY 2014, (*see* Dkt. No. 20 ¶¶ 59–60, 67), they are either time-barred or insufficiently pleaded because they fail to "give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR), 2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

Accordingly, the motion to dismiss disparate treatment race discrimination claims other than the failure to promote in FY 2014 is GRANTED. However, as the Court noted in the previous order, while alleged conduct prior to September 23, 2014 cannot give rise to a distinct claim, it may be relevant to Plaintiff's claim for failure to promote in FY 2014. (Dkt. No. 18 at 11–12 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).)

### V. Attorneys' Fees

The FAC includes a request for attorneys' fees. (Dkt. No. 20 ¶¶ 70, 86, 94, 101.) Attorneys' fees are not available to Plaintiff because he is proceeding without representation by a lawyer. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991); *U.S. Sec. & Exch. Comm'n v. Chapman*, 602 F. App'x 407, 407 (9th Cir. 2015). Therefore, the Court GRANTS the motion to dismiss as to

attorneys' fees. Because such relief is not available to Plaintiff as a matter of law, amendment would be futile and the dismissal is with prejudice so long as Plaintiff remains unrepresented in this action. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

## CONCLUSION

For the reasons explained above, Defendant's motion to dismiss is GRANTED with respect to failure to exhaust administrative remedies as to hostile work environment and retaliation. With respect to failure to state a claim, the motion is DENIED as to age discrimination, but GRANTED as to disparate treatment race discrimination other than the failure to promote in FY 2014. The motion is GRANTED as to attorneys' fees, without prejudice to Plaintiff seeking fees should he obtain legal representation in this action.

In summary:

1. Plaintiff may proceed with his claims for disparate treatment race discrimination under Title VII and for age discrimination under the ADEA, both arising from the FY 2014 failure to promote.

2. Plaintiff's claims for hostile work environment and retaliation are DISMISSED without leave to amend, as the deficiencies could not be cured by additional facts. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

3. Plaintiff's request for attorneys' fees is DISMISSED so long as he remains unrepresented in this action.

A further Case Management Conference is scheduled for January 20, 2022 at 1:30 p.m. by Zoom videoconference. A joint case management statement is due seven days in advance.

This Order disposes of Docket No. 23.

**IT IS SO ORDERED.**

Dated: November 29, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge